E-FILED
Thursday, 09 February, 2006  08:17:53 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

```
MICHAEL DALCOROBBO,              )
                                 )
          Petitioner,            )
                                 )
     v.                          )    No. 05-1158
                                 )
GUY PIERCE, Warden,              )
Pontiac Correctional Center,     )
                                 )
                                 )
          Respondent.            )
```

## **O R D E R**

Before the Court is Petitioner, Michael Dalcorobbo's Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus By A Person In State Custody [Doc. #7] and Respondent's Motion to Dismiss [Doc. #16]. For the reasons that follow, Respondent's Motion will be granted and Dalcorobbo's § 2254 Petition will be dismissed without prejudice.

### I.
#### BACKGROUND

On February 9, 2005, Illinois inmate Michael Dalcorobbo was working in the employee dining hall at the Menard Correctional Center when "human feces" was discovered in the pea salad. He submitted to a polygraph test and, on the strength of its results, he was charged with tampering with food in violation of 720 ILCS 5/12-4.5, along with several other infractions. Dalcorobbo was immediately transferred to the Pontiac Correctional Center and placed in solitary confinement.

On March 21, 2005, Dalcorobbo denied committing the infractions at a disciplinary hearing held before the Prison Adjustment Committee ("PAC").  The PAC, nonetheless, found him guilty, revoked one year of his good-time credits, and imposed other sanctions not relevant to this Court's decision.  Dalcorobbo appealed the PAC's decision to the Grievance Officer at the Pontiac Correctional Center and, then, to the Administrative Review Board.  Both appeals were ultimately denied on April 14, 2005, and May 13, 2005, respectively.

On May 20, 2005, Dalcorobbo filed the instant Petition for Writ of Habeas Corpus alleging that the prison disciplinary proceeding that resulted in the loss of his good-time credits denied him the right to due process.

## II.
### ANALYSIS

Before a district court can reach the merits of a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254, the petitioner must exhaust all available state remedies by giving "the state courts a full and fair opportunity to review [his] claims through its own judicial processes . . . ." Farrell v. Lane, 939 F.2d 409, 410 (7th Cir. 1991) (citations omitted).  If "state remedies have not been exhausted as to any one of [P]etitioner's federal claims[,]" then his "petition for writ of habeas corpus must be dismissed[.]"  Cruz v. Warden of

2

Dwight Correctional Center, 907 F.2d 665, 667 (7th Cir. 1990) (citing Castille v. Peoples, 489 U.S. 346, 349 (1989)).

However, there are two exceptions to the exhaustion requirement: (1) where "there is an absence of available State corrective process;" and (2) where "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B); Sceifers v. Trigg, 46 F.3d 701, 703 (7th Cir. 1995). But, neither of these exceptions applies to the facts of the instant case. See McAtee v. Cowan, 250 F.3d 506, 509 (7th Cir. 2001) (stating that "the power of the Illinois courts to review prison disciplinary proceedings and restore good time credits for violations of both federal and state law is well-established").

Thus, "[s]tate prisoners challenging the deprivation of good-time credits by way of habeas corpus petition must exhaust adequate and available state remedies before proceeding to federal court." McAtee v. Cowan, 250 F.3d 506, 508 (7th Cir. 2001) (citations omitted). Under Illinois law, mandamus is the appropriate state remedy. See, e.g., Toney v. Frazen, 687 F.2d 1016, 1021 (7th Cir. 1982) (holding "mandamus is clearly the appropriate procedure to compel the Department of Corrections to set petitioner's mandatory release date in accordance with the law"); Rogers v. Prisoner Review Bd., 181 Ill. App. 3d 1039, 1041 (3d Dist. 1989) (same). As the Seventh Circuit explained:

3

> Illinois inmates seeking restoration of good-time credits lost due to constitutionally infirm disciplinary hearings have a judicial remedy: they can file a complaint for an order of mandamus from an Illinois circuit court. If dissatisfied with the result, the inmate must invoke one complete round of the normal appellate process, including seeking discretionary review before the state supreme court.

McAtee, 250 F.3d at 508-09 (internal citations omitted).

Dalcorobbo, however, has failed to comply with the Illinois state procedural scheme.  Rather than filing a complaint for an order of mandamus with the state court, he opted to file the instant Petition for Writ of Habeas Corpus in the federal court.  As a result of Dalcorobbo's failure to exhaust his available state remedies, this Court must dismiss his § 2254 Petition without reaching its merits. See Dressler v. McCaughtry, 238 F.3d 908, 912 (7th Cir. 2001) (citations omitted).

IT IS THEREFORE ORDERED that Respondent's Motion to Dismiss is GRANTED.

IT IS FURTHER ORDERED that Dalcorobbo's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is DISMISSED WITHOUT PREJUDICE.

Signed this  8th  day of February, 2006.

                                       /s/ Joe B. McDade
                                       JOE BILLY McDADE
                                   United States District Judge